United States Court of Appeals, Fifth Circuit.

No. 93-1652

Anthony McGAUGHEY, Plaintiff-Appellant,

v.

TWENTIETH CENTURY FOX TELEVISION, et al., Defendants.

Twentieth Century Fox Television, et al., Defendants-Appellees.

Jan. 20, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before REYNALDO G. GARZA, SMITH and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

This a copyright infringement action in which the appellant, Anthony McGaughey, claims the appellees, Twentieth Century Fox Television ("Fox"), Time Warner Inc. ("Time"), and Viacom Inc. ("Viacom"), infringed the copyright in his unpublished novel, *The Saurian,* by production, exhibition and distribution of the motion picture *Dreamscape.* We AFFIRM the district court's grant of summary judgment in favor of the appellees, and district court's award of the appellees' attorneys' fees and costs.

## I. BACKGROUND

In April of 1981, Janet Davis, now Hurtt, acting as appellant's literary agent sent portions of the appellant's novel, *The Saurian,* along with a solicitation letter, to appellee Fox in order to introduce the book for possible development into a broadcast production. Wilma Golden on behalf of Richard P. Rosetti, Vice President, Movies and Mini Series for Television, sent a letter on Fox Television stationary dated May 13, 1981 declining interest in appellant's work. Also in 1981, David Loughery completed a movie script that later became the movie *Dreamscape,* which was filmed between February 2, 1983 and May 6, 1983, in Los Angeles. In July of 1988, appellant viewed the film *Dreamscape* on the subscription television service "Showtime" and determined that his novel had been appropriated.

Appellees moved for summary judgment on the basis of no substantial similarity and no

copying. The district court granted the motion for summary judgment on the basis of no copying. The district court also granted the appellees' motion for attorneys' fees and costs.

## II. DISCUSSION

Appellant appeals the district court's grant of summary judgment in favor of the appellees, and the award of the appellees' attorneys' fees and costs. We AFFIRM the district court on both points of appeal.

A. *Summary judgment*

The movant in a summary judgment motion context must show the absence of any genuine issue of material fact. *Slaughter v. Southern Talc Co.,* 949 F.2d 167, 170 (5th Cir.1991).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED.R.CIV.P. 56(e).

As the district court noted, the appellees attached reams of evidence in the form of affidavits, documents and a couple of videocassettes in support of their motion for summary judgment. In contrast, the appellant adduced nothing in opposition other than the arguments of his counsel in his responsive brief.

Appellant contends that the district court erred in finding that the appellees did not have access to his novel. Appellant argues that the district court erred in holding that the appellees could not have infringed his novel because Loughery registered his script with the Writer's Guild of America prior to Fox's receipt of portions of appellant's novel. Appellant argues that since the Writer's Guild of America destroys registered materials after five years from the registration date and Loughery did not renew his registration, the Writer's Guild of America cannot verify that Loughery actually registered a script. Therefore, the appellant concludes that a genuine issue of material fact exists as to whether Loughery's script was completed prior to the submission of his materials to Fox.

Appellant also argues that the district court failed to establish a nexus between the different versions of the *Dreamscape* script necessary to allow the conclusion of access prior to creation of

the movie *Dreamscape.* The appellees provided two versions of *Dreamscape.* The first version, in script form, was written by Loughery prior to Fox's receipt of appellant's materials. The second version, in movie form, was allegedly derived from the first version by Loughery and two other writers, Charles Russell and Joseph Ruben. Appellant argues that even if we assume that the first version does not infringe his copyright, evidence of record demonstrates that an issue of fact exists as to whether the second version infringes his copyright.

Appellant also argues that the district court erroneously relied on *Ferguson v. National Broadcasting Co.,* 584 F.2d 111 (5th Cir.1978). In *Ferguson,* the plaintiff failed to prove that John Williams, the composer of the allegedly infringing theme song, had access to the plaintiff's copyrighted song. The district court granted NBC's motion for summary judgment. Appellant claims that this case can be distinguished from *Ferguson* because Loughery was employed by Fox at the time Fox received his materials, whereas Williams was not employed by NBC.

Appellant further argues that he established corporate receipt and that the district court erred in failing to recognize the doctrine of corporate receipt. Appellant argues that for purpose of summary judgment, receipt of a manuscript at the defendant's principal corporate office has been held sufficient to raise a triable issue, despite plaintiff's inability to show receipt by the responsible employee. *Bevan v. Columbia Broadcasting System, Inc.,* 329 F.Supp. 601, 609 (S.D.N.Y.1971).[1] Appellant claims that he has shown that at least portions of his novel were received by Fox Television and that it has not been demonstrated that Fox Film Corporation is a separate corporate entity from Fox Television.

Finally, appellant argues that it is not clear what portion of his novel was sent to Fox and that an issue exists as to what portion of a work must be received by a defendant to be sufficient to establish access.

"To prevail on a claim of copyright infringement, a plaintiff must prove ownership of the copyright and copying by the alleged infringer." *Miller v. Universal City Studios,* 650 F.2d 1365, 1375 (5th Cir.1981). The appellees do not contest that the appellant owns a valid copyright in his

---

[1]Rejected by *Meta-Film Associates, Inc. v. MCA, Inc.,* 586 F.Supp. 1346 (C.D.Cal.1984).

novel *The Saurian.* " "Copying' is generally established by proving that the defendant had access to the copyrighted material and that there is a "substantial similarity' between the two works." *Allied Mktg. Group v. CDL Mktg.,* 878 F.2d 806, 811 (5th Cir.1989) (*citing, Apple Barrel Productions v. Beard,* 730 F.2d 384, 387 n. 3 (5th Cir.1984)).

As the district court points out, Loughery wrote the *Dreamscape* script between the summer of 1980 and January of 1981. Loughery registered the script with the Writer's Guild of America on February 26, 1981. Janet Davis, now Hurtt, sent portions of appellant's novel to Fox on or about April 22, 1981. Wilma Golden on behalf of Richard P. Rosetti, Vice President, Movies and Mini Series for Television, sent a letter on Fox Television stationary dated May 13, 1981 declining interest in appellant's work. Rosetti's duties related entirely to television and had nothing to do with Fox's motion picture endeavors. The appellees could not have infringed the appellant's copyright because the appellees did not receive portions of the appellant's novel until after Loughery had already completed his script.

Appellant correctly states that Loughery's script was rewritten in 1982 by Charles Russell, Joseph Ruben and Loughery. Bruce Cohn Curtis, an independent film director, arranged for the rewrite, and acquired the film rights from Fox. Fox's next involvement with *Dreamscape* was as a distributor of the completed film. All of the people involved in the writing of the original script and the rewrite averred that they had no knowledge of the appellant or his novel until this lawsuit.

The district court properly relied on *Ferguson.* In *Ferguson,* the composer of the allegedly infringing song averred that he had never heard of the plaintiff or her compositions prior to the filing of the lawsuit. The district court granted NBC's motion for summary judgment and stated that "[t]he Plaintiff's affidavits did not countervail the[ ] statements made in support of the defendant's motion for summary judgment." *Id.* at 113. In this case, the appellant has not even submitted any controverting affidavits.

As the district court points out, in order to determine that the appellees had access to the appellant's work, we would have to assume that the persons who created *Dreamscape* lied about their lack of knowledge of the appellant and his novel. We would also have to assume that Fox made

copies of the portions of appellant's novel before returning them to his agent and then distributed those copies.

We decline to find access under the facts of this case. It is unnecessary to discuss the issue of corporate receipt because the district court found that the persons involved with the writing of the original script and its rewrite did not have knowledge of the appellant or his novel. Therefore, we affirm the district court's grant of summary judgment in favor of the appellees.

B. *Attorneys' Fees*

Appellant also claims the district court erred in awarding the appellees their attorneys' fees and costs. Appellant argues that the district court relied on two cases to support its awarded of attorneys' fees and costs—*Engel v. Teleprompter Corp.,* 732 F.2d 1238 (5th Cir.1984), and *Micromanipulator Co., Inc. v. Bough,* 779 F.2d 255 (5th Cir.1985). Appellant asserts that *Engel* and *Micromanipulator* are mere flukes and should not stand as authority with regard to attorneys' fees and costs pertaining to Title 17 U.S.C. section 505. Appellant also asserts that attorneys' fees and costs should be awarded to a prevailing part y only as a sanction against the losing party. Finally, appellant asserts that the district court erred in granting Time its attorneys' fees and costs on the basis that the inclusion of Time was unreasonable.

Title 17 U.S.C. section 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

"Although attorney's fees are awarded in the trial court's discretion [in copyright cases], they are the rule rather than the exception and should be awarded routinely." *Micromanipulator Co. v. Bough,* 779 F.2d 255, 259 (5th Cir.1985) (*citing, Engel v. Teleprompter Corp.,* 732 F.2d 1238, 1241 (5th Cir.1984); *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60 (5th Cir.1992)).

We find that the district court did not abuse it s discretion in awarding the appellees their attorneys' fees and costs. Therefore, the district court's order awarding attorneys' fees and costs is affirmed.

### III. CONCLUSION

We AFFIRM the district court's grant of summary judgment against the appellant. We also AFFIRM the district court's grant of the appellees' attorneys' fees and costs.