**CREATIONS UNLIMITED, INC., et al., Plaintiffs,**

v.

**Robert and Wanda McCAIN, Defendants.**

Civ. A. No. 3:94CV–263–BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

July 6, 1995.

J. Stephen Wright, Frascogna, Courtney, Wright & Biederharn, Jackson, MS, for plaintiffs Creations Unlimited, Inc., Tina Marie Sartin.

Alexander F. Norcross, Alexander F. Norcross, Atty., Gulfport, MS, Robert E. Barkley, Jr., Charles M. Pisano, Barkley & Thompson, New Orleans, LA, for defendants Robert McCain, Wanda McCain.

## OPINION AND ORDER

BARBOUR, Chief Judge.

The Court has before it the Motion of the Defendants Robert and Wanda McCain ("the McCains") to Award and Set Costs and Attorney's Fees. Plaintiffs Creations Unlimited, Inc. ("Creations") have responded to the motion. The Court, having considered the motion, response and supporting memoranda, finds that the motion is not well taken, and that the McCains' request for costs and attorney's fees should be and is hereby denied.

### I. *Background*

In the copyright infringement action which underlies the present motion, the Court granted Defendants' summary judgment motion, and entered final judgment in their favor. *See* Opinion and Order of this Court of June 1, 1995. The Court did not address the issue of attorney's fees and costs in that opinion or in the Final Judgment entered the same day. On June 28, 1995, Plaintiffs filed a Notice of Appeal, appealing this cause to the United States Court of Appeals for the Fifth Circuit.

The McCains claim that, pursuant to 17 U.S.C. § 505[1], they are entitled to full costs

---

1. The section reads,

> In any civil action under this Title, the court in its discretion may allow the recovery of full

of defense of this action, including reasonable attorney's fees and all litigation expenses billed to and paid or owed by them, and that such costs and attorney's fees should be fixed at $10,614.13. In support of their argument they rely on section 505 and on the recent Fifth Circuit case of *McGaughey v. Twentieth Century Fox,* 12 F.3d 62 (5th Cir.1994), in which the court wrote that, "Although attorney's fees are awarded in the trial court's discretion [in copyright cases], they are the rule rather than the exception and should be awarded routinely." *McGaughey,* 12 F.3d at 65 (quoting *Micromanipulator Co. v. Bough,* 779 F.2d 255, 259 (5th Cir.1985) (additional citation omitted)). In *McGaughey,* it was to the successful copyright defendants that the district court had awarded fees.[2]

Plaintiffs' response is two-fold. First they argue that the Court may not consider an award of fees and costs, because the appeal by Creations divests this Court of jurisdiction over the motion for fees. However, they admit that the general rule is only that "timely filing of a notice of appeal divests the district court of jurisdiction to decide *matters related to the cause on appeal,*" Pls.' Mem. Br. at 2 (citing *Taylor v. Sterrett,* 640 F.2d 663, 667 (5th Cir.1981)) (emphasis added), and that other circuits have declined to extend this general rule to motions for attorney's fees. *See, e.g., Patzer v. Board of Regents of the University of Wisconsin System,* 763 F.2d 851, 859 (7th Cir.1985). They also acknowledge that the Fifth Circuit "seems not to have decided the question of whether the general rule should be applied to motions to award attorneys fees." Pls.' Mem. Br. at 2.

In the alternative, Plaintiffs argue that the language in *McGaughey* that costs and fees should be allowed as "the rule, rather than the exception," has been effectively overruled by the more recent ruling of the United States Supreme Court in *Fogerty v. Fantasy, Inc.,* —— U.S. ——, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). In *Fogerty,* the Court rejected the "dual standard" for awarding fees and costs in copy-right actions, the use of which favored awards to plaintiffs over awards to defendants. Though it rejected the dual standard, the high court also repudiated the "British Rule," that the prevailing party should be awarded attorney's fees as a matter of course. *Fogerty,* —— U.S. at ——, 114 S.Ct. at 1032–33, 127 L.Ed.2d at 468–69. Plaintiffs focus on this repudiation as a denunciation of the holding of the Fifth Circuit in *McGaughey,* that fees should be awarded to either of the prevailing parties as a matter of course.

The actual holding of the Court in *Fogerty* is as follows:

Thus we reject both the "dual standard" adopted by several of the Courts of Appeals, and petitioner's claim that § 505 enacted the British Rule for automatic recovery of attorney's fees by the prevailing party. Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised "in light of the considerations we have identified." *Hensley v. Eckerhart,* 461 U.S. 424, 436–437, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983). [footnote omitted] Because the Court of Appeals erroneously held petitioner, the prevailing defendant, to a more stringent standard than that applicable to a prevailing plaintiff, its judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

costs by or against any party other than the United States or officer thereof. Except as otherwise provided by this Title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.
17 U.S.C. § 505.

**2.** In awarding attorneys fees and costs to defendants, under the same standard applied for awards to prevailing plaintiffs ("as a matter of

course"), the Fifth Circuit implicitly embraces the so-called "even-handed approach," and disavows the "dual standard," whereby "prevailing plaintiffs are generally awarded attorney's fees as a matter of course, while prevailing defendants must show that the original suit was frivolous or brought in bad faith." *Fogerty v. Fantasy, Inc.,* —— U.S. ——, ———————, 114 S.Ct. 1023, 1026, 127 L.Ed.2d 455, 461–62 (1994).

*Fogerty,* —— U.S. at ——–——, 114 S.Ct. at 1033, 127 L.Ed.2d at 469–70. The Court then cites with approval the listing of "several nonexclusive factors that courts should consider in making awards of attorney's fees to any prevailing party," *id.* at ——, 114 S.Ct. at 1033 n. 19, 127 L.Ed.2d at 470 n. 19, taking that list from the Third Circuit case of *Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 156 (3d Cir.1986). The factors listed by the Third Circuit include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Lieb,* 788 F.2d at 156. The court further noted that it did not "limit the factors to those we have mentioned, realizing that others may present themselves in specific situations. Moreover, we may not usurp that broad area which Congress has reserved for the district judge." *Id.*

## II. *Analysis and Holding*

### A. Jurisdiction

■ The Court rejects Plaintiffs' "jurisdictional divestment" argument. While Plaintiffs are correct that a district court loses jurisdiction over all matters validly before the court of appeals, that rule does not affect the jurisdiction of this Court to rule on the motion for award of attorney's fees, which issue is not before the Fifth Circuit. "The law is well settled the district judge retains jurisdiction over the issue of attorneys' fees even though an appeal on the merits of the case is pending." *City of Chanute v. Williams Natural Gas Co.,* 955 F.2d 641, 658 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 96, 121 L.Ed.2d 57 (1992). *See also Harris Market Research v. Marshall Marketing and Communications, Inc.,* 948 F.2d 1518, 1526 n. 3 (10th Cir.1991) (same). The Court therefore turns to the question of whether an award of attorney's fees and costs is appropriate in this case.

### B. Attorney's Fees and Costs

■ Plaintiffs are correct that *Fogerty* softens the Fifth Circuit command in *McGaughey* that attorney's fees in copyright cases be awarded "as a matter of course." However, *Fogerty* does not relieve this Court of its duty to consider an award of costs and fees to the prevailing defendant in an even-handed manner, just as it would have considered those factors had the plaintiff prevailed. Plaintiffs urge this Court to use in its analysis those factors listed by the Third Circuit, and cited with approval by the Supreme Court in *Fogerty,* as it decides the propriety of fees and costs in this case. The McCains, on the other hand, argue for application of the factors laid out in Rule 15(b)(3) of the Uniform Local Rules of this Court.[3] The Rule 15(b)(3) factors, however, primarily are intended to aid the district court in deciding the proper amount to award, not whether to make the award in the first place. The Court therefore analyzes the request for attorney's fees and costs in this case under the factors set out by the Third Circuit. These are frivolousness, motivation, objective unreasonableness in the factual and legal components of the case, and the need in particular circumstances to advance considerations of compensation and deterrence. *Lieb,* 788 F.2d at 156.

The Court finds, from its review of its Opinion and Order of June 1, 1995, and of the briefs of both parties in support of and in response to the summary judgment motion, that Plaintiffs' challenge to Defendant's designs, though ultimately not successful, was neither frivolous nor objectively unreasonable, either in its factual allegations or its legal undergirding. Likewise, though it is clear to this Court that at least some personal animosity existed between the former business partners who became parties to this action, the Court does not find pernicious behavior indicating inappropriate motivation for the bringing of this lawsuit. Nor does the Court find in this case any particular need "to advance considerations of compensation and deterrence." Finally, recognizing

---

**3.** These twelve factors are derived from the Fifth Circuit case of *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974).

that the *Lieb* factors are nonexclusive, and "that others may present themselves in specific situations," *id.*, the Court has considered the arguments put forth by the Defendants in their memorandum brief, pursuant to the twelve factor analysis provided in the local rules. The Court holds that an award of attorney's fees and costs is not appropriate in this case.

IT IS THEREFORE ORDERED that the Motion of the Defendants Robert and Wanda McCain to Award and Set Costs and Attorney's Fees is hereby denied.

SO ORDERED.