VIDEO CAFE, INC., TVKO, Inc., Plaintiff,

v.

Fulano DE TAL d/b/a Negociao I (Sin Nombre); Fulano De Tal d/b/a Las Delicias; Fulano De Tal d/b/a Los Muchachos Cocktail Lounge; Fulano De Tal d/b/a Los Pinchos; Fulano De Tal d/b/a Kenny's Negocio Hot Dog and Hamburger; Fulano De Tal d/b/a Levi's Sports Bar, Defendant.

No. CIV. 96–2037(JP).

United States District Court,
D. Puerto Rico.

March 31, 1997.

Eduardo Vera Ramirez, San Juan, PR, for Plaintiff.

PIERAS, District Judge.

### OPINION AND ORDER

In its Order of January 27, 1997 (docket No. 15), the Court denied the plaintiffs' Motion Requesting Judgment by Default and Award of Statutory Damages (docket No. 14), pending submission of additional information by the plaintiffs. The plaintiffs have complied in substantial measure with the Court's Order, and pursuant to this Opinion and Order, judgment shall be entered for the

plaintiff against FULANO DE TAL d/b/a NEGOCIO I (Sin Nombre), FULANO DE TAL d/b/a LAS DELICIAS; FULANO DE TAL d/b/a LOS MUCHACHOS COCKTAIL LOUNGE, FULANO DE TAL d/b/a LOS PINCHOS, FULANO DE TAL d/b/a KENNY'S NEGOCIO HOT DOG AND HAMBURGER, and FULANO DE TAL d/b/a LEVI'S SPORTS BAR.

This action was commenced against several bars and pubs that broadcasted the Roberto Duràn vs. Macho Camacho championship boxing match, the copyright to which is owned by plaintiff TVKO, without authorization. The plaintiffs allege that the defendants willfully violated both 17 U.S.C. § 106[1] (copyright law) and 47 U.S.C. §§ 553(a)(1)[2] and 605(a)(1)[3] by broadcasting that copyrighted match without the copyright owner's consent.

On December 30, 1996, the Clerk entered default against defendants Negocio I (sin nombre) Las Delicias, Los Muchachos Cocktail Lounge, Los Pinchos, Kenny's Negocio Hot Dog and Hamburgers, and Levi's Sports Bar. Pursuant to that default, the plaintiffs sought statutory damages under 17 U.S.C. § 504(c)(1)-(2)[4] as well as attorney's fees and costs under 17 U.S.C. § 505.[5] Specifically, plaintiffs seek awards of $18,000.00 for damages, $500.00 for attorney's fees, and $1,500.00 for costs, against each defaulting defendant.

■ When default is entered against a defendant, the factual allegations of the complaint will be taken as true, and the only issue remaining for consideration is the amount of damages. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 at 444 (1983) (citing *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885)); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319 (7th Cir.1983). *See Quirindongo Pacheco v. Rolòn Morales*, 953 F.2d 15, 16 (1st Cir.1992). The plaintiffs' complaint alleges that the defendants willfully violated the plaintiffs' copyright. The Court takes those allegations as true. It is now within the discretion of the Court to determine the amount of damages to levy against the defaulting defendants. *See Jones v.*

---

1. Subject to sections 107 through 120, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:

    (1) to reproduce the copyrighted work in copies or phonorecords;
    (2) to prepare derivative works based upon the copyrighted work;
    (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
    (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; and
    (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual works, to display the copyrighted work publicly.

2. No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

3. Except as authorized by chapter 119, Title 18, no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney.

4. (c) Statutory Damages:
    (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $500 or more than $20,000, as the Court considers just.
    (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $100,000.

5. In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

*Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir.1993) ("once the entry of a default establishes the *fact* of damage, the trial judge ... has considerable latitude in determining the *amount* of damages"). The Court's discretion in determining damages against the defaulting defendants is reinforced in this action, where the copyright laws also bestow on the Court considerable discretion in determining damages under the statutory damages provisions of 17 U.S.C. § 504(c). *See Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1015–1016 (7th Cir.1991).

▆ In considering how much to award under § 504(c), the district court may consider various factors such as "the expenses saved and the profits reaped by the infringers ... revenues lost by the plaintiff ... the value of the copyright ... and the deterrent effect on others besides the defendant ... whether the defendant's conduct was innocent or willful ... whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced ... the potential for discouraging the defendant." *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110, 1117 (2nd Cir.1986) (citations omitted). The Court would also note that statutory damages awards under § 504(c) serve both compensatory and punitive purposes. *Id.*

In its Order of January 27, 1997, the Court explained that the plaintiff had not provided any information on which the Court could base a rational determination of damages. Looking at the information thereafter provided by the plaintiffs with respect to the various defendants and the nature of their respective violations of the plaintiffs' rights, the Court can now, with some precision, assess the relevant factors that form the justification of any damage awards. Moreover, based on the substantial differences between the actions of the various defendants, the Court feels vindicated in its decision to require some measure of proof from the plaintiffs to explain their prayer for damages. The defendants' actions place them at varying levels of culpability, and consideration of the factors on which damage calculations should be based leads the Court to stray from the uniform approach suggested by the plaintiffs. For example, application of the plaintiffs' suggested approach, under which the plaintiffs sought equal damage awards from all defendants, would have resulted in defendant Fulano de Tal d/b/a Negocio (sin nombre) being charged with damages equal to those assessed against defendant Fulano de Tal d/b/a Las Delicias. However, review of their respective actions informs the Court that the former, an establishment of 15 feet by 30 feet, containing four chairs, displayed the copyrighted broadcast on a single 19 inch television to five customers who paid no entrance fee while the latter, an establishment of 50 feet by 50 feet, containing twenty chairs, broadcast the copyrighted fights on three 13 inch televisions to 60 persons, and charged a five dollar entrance fee. The Court believes that would be unfair.

Based on the information that the plaintiffs have provided, the Court will now assess damages against each defendant.

### A. Defendant Fulano de Tal d/b/a Negocio I (Sin Nombre)

▆ This defendant is small potatoes. As noted above, the evidence shows that this defendant broadcast the copyrighted fights to five persons on a single television set in an establishment of roughly 15 feet by 30 feet (450 ft$^2$) dimensions. There is no evidence that the defendant charged an entrance fee to the five customers. Looking at the various relevant factors, the Court finds that this defendant reaped fewer rewards and cost the plaintiff less revenue that many of the other defendants. Countervailing those factors, however, is the Court's knowledge that the defendant's conduct was wilful and that it must dissuade future conduct of this sort. In its discretion, the Court holds that an award of $10,000.00 against this defendant constitutes a fair measure of damages, and will enter judgment for the plaintiffs to have and recover that amount from defendant Fulano de Tal d/b/a Negocio I (Sin Nombre).

### B. Defendant Fulano de Tal d/b/a Las Delicias

▆ This defendant deserves substantially more severe punishment. As noted above, the evidence shows that this defendant

broadcast the copyrighted fights to sixty persons on three television sets in an establishment of roughly 50 feet by 50 feet (2500 ft $^2$) dimensions. There is evidence that the defendant charged an entrance fee of five dollars to each customer. Looking at the various relevant factors, the Court finds that this defendant obtained greater profits by its illegal actions and effectively stole a greater revenue from the plaintiffs than the other defendants. In addition, punishing this defendant will have a strong deterrent effect. Therefore, in its discretion the Court holds that an award of $22,000.00 fairly punishes this defendant and compensates the plaintiffs, and will enter judgment for the plaintiffs to have and recover that amount from defendant Fulano de Tal d/b/a Las Delicias.

## C. Defendant Fulano de Tal d/b/a Los Muchachos Cocktail Lounge

■ The evidence shows that this defendant broadcast the copyrighted fights to twenty persons on a single television set in an establishment of roughly 30 feet by 10 feet (300 ft $^2$) dimensions. There is no evidence that the defendant charged an entrance fee. Looking at the various relevant factors, the Court finds that this defendant obtained substantial profits by its illegal actions and effectively reduced the plaintiffs' revenue. In its discretion the Court holds that an award of $14,000.00 fairly punishes this defendant and compensates the plaintiffs, and will enter judgment for the plaintiffs to have and recover that amount from defendant Fulano de Tal d/b/a Los Muchachos Cocktail Lounge.

## D. Defendant Fulano de Tal d/b/a Los Pinchos

■ The evidence shows that this defendant broadcast the copyrighted fights to 10 persons on a single television set in an establishment of roughly 10 feet by 10 feet (100 ft $^2$) dimensions. There is no evidence that the defendant charged an entrance fee. Looking at the various relevant factors, the Court finds that this defendant obtained modest profits by its illegal actions and reduced the plaintiffs' revenue by a minor amount. In its discretion the Court holds

that an award of $10,000.00 fairly punishes this defendant and compensates the plaintiffs, and will enter judgment for the plaintiffs to have and recover that amount from defendant Fulano de Tal d/b/a Los Pinchos.

## E. Defendant Fulano de Tal d/b/a Kenny's Negocio Hot Dog and Hamburgers

■ The evidence shows that this defendant broadcast the copyrighted fights to four persons on a single television set in an establishment of roughly 30 feet by 20 feet (600 ft $^2$) dimensions. There is no evidence that the defendant charged an entrance fee. Looking at the various relevant factors, the Court finds that this defendant obtained modest profits by its illegal actions and reduced the plaintiffs' revenue very little. In its discretion the Court holds that an award of $10,000.00 fairly punishes this defendant and compensates the plaintiffs, and will enter judgment for the plaintiffs to have and recover that amount from defendant Fulano de Tal d/b/a Kenny's Negocio Hot Dog and Hamburgers.

## F. Defendant Fulano de Tal d/b/a Levi's Sports Bar

■ The evidence shows that this defendant broadcast the copyrighted fights to over 45 persons on three television sets in an establishment of roughly 30 feet by 30 feet (900 ft $^2$) dimensions. There is no evidence that the defendant charged an entrance fee. Looking at the various relevant factors, the Court finds that this defendant obtained handsome profits by its illegal actions and reduced the plaintiffs' revenue by a measurable amount. In its discretion the Court holds that an award of $18,000.00 fairly punishes this defendant and compensates the plaintiffs, and will enter judgment for the plaintiffs to have and recover that amount from defendant Fulano de Tal d/b/a Levi's Sports Bar.

## G. Costs and Attorneys' Fees

■ The plaintiffs have asked the Court to assess attorney's fees in the amount of $500.00 against each defendant and an addi-

tional $1,500.00 for costs as well. Despite the Court's express order to provide the Court with billing information, including time sheets and receipts, the plaintiffs have supported their request with absolutely no documentation. The provisions under which the plaintiffs seek costs and fees are solely compensatory, and in order to obtain remuneration for these items, the plaintiffs must provide the Court with detailed time sheets and cost receipts. Therefore, the Court **DENIES** plaintiffs' request under 17 U.S.C. § 505 for attorney's fees. Costs shall still be taxed under Rule 54(d) of the Federal Rules of Civil Procedure in conjunction with 28 U.S.C. § 1920.

IT IS SO ORDERED.