**MICROSOFT CORPORATION, et al., Plaintiffs,**

v.

**PC EXPRESS, et al., Defendants.**

No. CIV.00–1331 DRD.

United States District Court, D. Puerto Rico.

Nov. 30, 2001.

---

Jorge E. Perez–Diaz, Nestor Mendez–Gomez, Pietrantoni Mendez & Alvarez, Hato Rey, PR, for plaintiff.

Raul E. Varandela–Velazquez, Hato Rey, PR, for defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is Microsoft Corporation's (hereinafter Microsoft or Plaintiff) unopposed Motion for Summary Judgment. (Docket No. 27). For the following reasons, Microsoft's motion for summary judgment is **GRANTED.**

## I

### PROCEDURAL BACKGROUND

■ As the Court indulges into Microsoft's motion, it is mindful that, at this stage of summary judgment, both the evidence and all the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the Defendants, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), and that, even if unopposed, a motion for summary judgment can only be granted if the record discloses the movant's entitlement to judgment as a matter of law. *See Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7 (1st Cir.1990).

Microsoft filed the above captioned complaint on March 14, 2000, against defendants PC Express, Franklyn López, and Wilton Vargas (collectively "Defendants") for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et. seq.*, and for unfair competition, tort and unjust enrichment. Plaintiff also sought injunctive relief to enjoin Defendants' illegal sale of unlicensed copies of Plaintiff's copyrighted works, and damages for Defendants' knowing and willful illegal sale of Plaintiff's copyrighted works—Microsoft Office 2000 (Professional Edition), Microsoft Word 2000, Microsoft Excel 2000, Microsoft Access 2000, Microsoft Powerpoint 2000, Microsoft Outlook 2000, Microsoft Publisher 2000. The complaint proffers that Defendants illegally sold a copy to a private investigator hired by Microsoft. Preliminary injunctive relief was obtained on March 24, 2000 after the parties entered a Consented Preliminary Injunctive Decree, which was approved by the Court. *See* Consented Preliminary Injunctive Decree. (Docket No. 8); and Minutes of Proceedings. (Docket No. 9).

On June 16, 2000, Defendants filed an Answer to the Complaint and a Counterclaim. (Docket No. 16). The counterclaim was dismissed, however, after this Court granted Microsoft's unopposed Motion to Dismiss, on January 22, 2001. (Docket No. 23). On August 2, 2000, Microsoft served on Defendants a First Set of Interrogatories and a **Requests for Production of Documents and Requests for Admissions** (hereinafter "Request for Admissions"), but **neither was answered.** Thus, having failed to answer the Request for Admissions, the Court deems the following facts admitted by Defendants: [1]

1. Defendants sold Mr. Roberto Morales a computer containing unauthorized copies of the following copyrighted software programs: Microsoft Office 2000 (Professional Edition), Microsoft Access 2000, Microsoft Word 2000, Microsoft Ex-

---

**1.** If a party serves upon another a written request for the admission of the truth of any matters that relate to statements or opinions of fact or of the application of law to fact, and 30 days pass after service of the request, without receiving a written and signed answer or objection addressed to that matter, the matter is admitted, for purposes of the pending action only. *See* FED. R. CIV. PROC 36(a).

cel 2000, Microsoft Powerpoint 2000, and Microsoft Outlook 2000.

2. Defendants did **not** give Mr. Roberto Morales the original licenced diskette or CD ROM, corresponding manuals, nor the **written license** for these copyrighted software programs.

3. Defendants **knew it was illegal** to sell copyrighted programs without giving the buyer the original licenced diskette or CD ROM, corresponding manuals, nor the written license for these copyrighted software programs.

On June 4, 2001, Microsoft filed the instant Motion for Summary Judgment. In compliance with Local Rule 311(12), Microsoft also served and filed annexed to its motion a separate and concise statement of the material facts as to which it proffers there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record. (*See* Docket No. 27). A Status Conference was held in chambers two days after that, on June 6, 2001. At that meeting the Court granted Microsoft time to show cause why it should not have been sanctioned for noncompliance with case management orders. Additionally, Microsoft had to show cause as to why its motion for summary judgment should be accepted by the Court, in view that it was filed after the deadline set forth in the case management orders. **Defendants were granted 5 days to reply to both motions thereinafter.** (*See* Docket No. 30).

On **June 18, 2001,** Microsoft fully complied with the Court's orders in timely fashion, filing two separate motions. (Docket Nos. 31 & 32). However, **notwithstanding Defendants' obligation to oppose within 5 days, they never complied with the Court's orders.** Therefore, in an order issued on July 24, 2001, the Court noted and held that

At the pre-trial conference held on June 6, 2001, the Court directed plaintiff to show cause why the Motion for Summary Judgment filed on June 4, 2001 should be accepted by the Court. (Docket No. 30). Thereafter, defendant was to oppose five days later. However, the period granted by the Court for defendant to oppose has expired. Therefore, **plaintiff's Motion in Compliance with Orders to Show Cause is deemed unopposed, the plaintiff's Motion for Summary Judgment is ACCEPTED** by the Court and plaintiff's expert witness shall *not* be eliminated.

*See* Docket No. 33 (first emphasis added).

Finally, a Pretrial Conference was held on August 13, 2001. **Counsel for both parties appeared** and advised the Court as to the status of the case. The Court nonetheless informed them "that the pending motion for summary judgment will be resolved before March 2002 and strongly encouraged the parties to explore the possibility of settlement." (Docket No. 34). To date, **Defendants have not filed their opposition to Microsoft's motion for summary judgment.**

## II

### STANDARD OF REVIEW

The framework of FED. R. CIV. PROC. 56(c) provides that it is appropriate to enter summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986); *Abbadessa v. Moore Business Forms, Inc.,* 987 F.2d 18, 22 (1st Cir.1993).

When the moving party asserts that the competent evidence clearly demonstrates that it is entitled to judgment, the non-moving party bears the burden of showing the existence of some factual disagreement sufficient to defeat the motion. However, the burden is satisfied only if the cited disagreement relates to a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "In this context, 'genuine issue' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party [and] 'material' means that the fact is one that might affect the outcome of the suit under the governing law." *United States v. One Parcel of Real Property, Etc.*, 960 F.2d 200, 204 (1st Cir.1992). Therefore, a factual issue is material if it is relevant to the resolution of a controlling legal issue raised by the motion for summary judgment. *U.S. Fire Ins. Co. v. Producciones Padosa, Inc.*, 835 F.2d 950, 953 (1st Cir. 1987). On the other hand, "speculation and surmise, even when coupled with effervescent optimism that something definite will materialize further down the line, are impuissant on the face of a properly documented summary judgment motion." *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 95 (1st Cir.1996) (citations omitted).

■ Lastly, "[i]f the adverse party does not [file an opposition], summary judgment, **if appropriate,** shall be entered against the adverse party." Fed. R. Civ. Proc. 56(e) (emphasis added). The First Circuit Court of Appeals has made clear that failure to timely oppose a motion for summary judgment, does not, in itself, justify entry of summary judgment against that party; therefore, a District Court is nonetheless "obliged to consider the motion on the merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." *Kelly v. United States*, 924 F.2d 355, 358 (1st Cir.1991); *see also Lopez v. Corporacion Azucarera de Puerto Rico*, 938 F.2d 1510, 1517 (1st Cir.1991)(before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law). In the case of failure to oppose a motion for summary judgment, the consequence "is that the party may lose the right to file an opposition." *Mullen v. St. Paul Fire & Marine Ins. Co.*, 972 F.2d 446, 451–52 (1st Cir.1992)(discussing unopposed motion for summary judgment). And **a party that fails to oppose a motion for summary judgment, does so at its own risk and peril.** *See e.g. Hebert v. Wicklund*, 744 F.2d 218, 223 (1st Cir.1984)(plaintiffs that failed to file proper opposition to the request for fees "proceeded at their own risk"); *Corrada Betances v. Sea–Land Service, Inc.*, 248 F.3d 40, 43 (1st Cir. 2001)("A party who opposes a properly substantiated motion for summary judgment but fails to muster counter-affidavits or other evidentiary materials does so at his peril.")

## III

### ANALYSIS

■ In order to prevail in a copyright infringement action, Microsoft must establish two facts: (1) ownership of a valid copyright and (2) unauthorized copying of the protected work by the alleged infringer. *Feist Pub. v. Rural Tel. Serv.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991); *Grubb v. KMS Patriots, L.P.*, 88 F.3d 1, 3 (1st Cir.1996); *Lotus Development Corp. v. Borland Intern., Inc.*, 49 F.3d 807, 813 (1st Cir.1995); *Concrete Machinery Co. v. Classic Lawn Or-*

*naments,* 843 F.2d 600, 605 (1st Cir.1988). The first factor—ownership of a valid copyright—is established in this case through the Certificates of Copyright Registration which Microsoft has attached as exhibits to its complaint. (*See* Docket No. 1). It is settled law that a copyright registration certificate constitutes *prima facie* evidence of the validity of a copyright. 17 U.S.C. § 410(c); *Lotus,* 49 F.3d at 813; *see also* 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 13.01[A] (2000). The Court holds therefore that a reasonable factfinder could examine these documents and conclude that, indeed, Microsoft is the owner of said copyrights. *Cortes–Irizarry,* 111 F.3d at 187. Thus, the Court finds Microsoft has produced "the quantum of evidence necessary" to establish its ownership. *See Hahn v. Sargent,* 523 F.2d 461, 468 (1st cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

The second factor—unauthorized copying of the work—is established by the fact that Defendants sold a computer loaded with unlicensed copies of the software to a private investigator hired by Microsoft [Roberto Morales]. Case law establishes that unauthorized copying may be proved by direct evidence or by showing that 1) defendants had access to the copyrighted work and 2) the offending and copyrighted articles are "substantially similar." *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.,* 118 F.3d 955, 963 (2nd Cir.1997); *see also Lotus,* 49 F.3d at 813; *Concrete,* 843 F.2d at 606; *Gamma Audio & Video, Inc. v. Ean–Chea,* 11 F.3d 1106, 1114–15 (1st Cir.1993). Access may be established by wide dissemination of the copyrighted works. *ABKCO Music, Inc. v. Harrisongs Music Ltd.,* 722 F.2d 988, 998 (2nd Cir.1983).

In the case at hand, Microsoft has established the first prong of the test by proffering that Defendants had access to the copyrighted works by the widespread availability and dissemination of its software programs in Puerto Rico's commercial market, and, further, due to the fact that Defendants themselves sold **unlicensed copies** of the works to Microsoft's investigator. Nimmer, *op. cit.* at § 13.02[A]. On the other hand, Microsoft has also established the substantial-similarity prong in this case because the versions of its software programs installed in the computers, which were sold to the hired investigator, without providing **a written license,** are exact copies of Microsoft's copyrighted works. It must be remembered that two of the fundamental rights that the Copyright Act gives to copyright owners[2] is the right "to reproduce the copyrighted work in copies" and the right to distribute them "to the public by sale or other transfer of ownership . . . ." 17 U.S.C. § 106(1) & (3). Defendants violated § 106 in two ways: 1) they did not hold a valid license to possess and use the copyrighted software; and 2) they distributed protected software without the consent of the valid copyright owner, Microsoft. Hence, these acts clearly constitute copyright infringement. In view of the above, the Court holds that a reasonable factfinder could conclude that unauthorized copying of Microsoft's protected software programs has been established in this case. *Cortes–Irizarry,* 111 F.3d at 187.

Lastly, the Court cannot overlook and fail to underscore that, pursuant to FED. R. CIV. PROC. 36(a), Defendants have admitted to the illegal sale of the copyrighted software programs when they

---

**2.** These exclusive rights of the copyright owner are generally characterized as rights of copying, recording, adaptation, and publishing. *See* 17 U.S.C. § 106.

failed to file a written and signed answer or object to Microsoft's written request for the admission of the truth of that matter. *See* Request for Admissions, included as Exhibit 10 to the Statement of Uncontested Facts. (Docket No. 27). Clearly, this serves as an admission to the illegality of their conduct under the Copyright Act. *Id.*[3] Microsoft has thus demonstrated the absence of genuine issues of material facts and, therefore, the Court finds that, as a matter of law, entering summary judgment at this stage is appropriate.

## IV

### REMEDIES FOR COPYRIGHT INFRINGEMENT

■ Section 504 of the Copyright Act (17 U.S.C.), *supra*, provides that if copyright infringement is established, the copyright owner may elect either to recover its actual damages and defendants profits, or statutory damages which range from $750 to $30,000 per copyrighted work. *See* 17 U.S.C. § 504(c); *Microsoft Corp. v. Software Wholesale Club, Inc.*, 129 F.Supp.2d 995, 1002 (S.D.Texas 2000); *Microsoft Corp. v. Grey Computer*, 910 F.Supp. 1077, 1091 (D.Md.1995). If the infringement was willful, the Court is authorized to increase the damage award to as much as $150,000 per copyrighted work. *Id.* Moreover, when determining the amount to be awarded under 17 U.S.C. § 504(c), the Court may consider several factors, such as, "the expenses saved and the profits reaped by the infringers; revenues lost by the plaintiff; the value of the copyright; whether the defendant's conduct was inno-

cent or willful; whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; the deterrent effect on others besides the defendant; and the potential for discouraging the defendant himself". *Video Cafe, Inc. v. De Tal*, 961 F.Supp. 23, 26 (D.Puerto Rico 1997); *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2nd Cir.1986).

■ The Court may also consider the infringer's intentions in determining the amount of damages. A defendant's infringement is willful under § 504 where he had knowledge that his conduct constituted infringement. *Software Wholesale Club, Inc.*, 129 F.Supp.2d at 1002; *Grey Computer*, 910 F.Supp. at 1091; *see also Wildlife Express Corporation v. Carol Wright Sales, Inc.*, 18 F.3d 502 (7th Cir. 1994); *N.A.S. Import Corporation v. Chenson Enterprises, Inc.*, 968 F.2d 250 (2nd Cir.1992). Once Plaintiff establishes willful infringement, the Court may increase an award of damages up to the maximum permitted by statute. Courts should also be mindful that statutory damage awards serve both compensatory and punitive purposes in cases under § 504(c). *Video Cafe, Inc.*, 961 F.Supp. at 26.

■ In the instant case, Defendants have admitted to have sold illegally six copyrighted software programs to private investigators hired by Microsoft. *See* Request for Admissions included as Exhibit 10 to the Statement of Uncontested Facts. (Docket No. 27). In its motion for summary judgment, Microsoft has requested

---

**3.** Moreover, Local Rule 311(12) specifically provides that "[a]ll material facts ser forth in the statement required to be served by the moving party shall be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Notwithstanding that six months have passed,

Defendants have **failed** to oppose Microsoft's motion for summary judgment. The Court simply "has no obligation to play nursemaid to indifferent parties." *Pinto v. Universidad De Puerto Rico*, 895 F.2d 18, 19 (1st Cir. 1990).

this Court to enter judgment compensating it in the amount of $30,000 per software program illegally copied by Defendants. Specifically, Defendants illegally copied **six** copyrighted software programs (works). Since Defendants have failed to oppose Microsoft's motion, and have further not complied with the Court's orders, therefore, statutory damages in the amount of $30,000 for each of the six copyrighted works infringed by Defendants is warranted. Hence, the Court finds Defendants liable to Microsoft in the amount of $180,000.

## V

### ATTORNEY'S FEES

█ Microsoft has also requested an award of full costs and attorney's fees. Section 505 of the Copyright Act (17 U.S.C.), *supra,* specifically authorizes the trial court to award attorney fees to the prevailing party. *See* 17 U.S.C. 505 (1994) ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs."); *see also Gamma Audio & Video Inc. v. Ean–Chea,* 11 F.3d 1106, 1113 (1st Cir.1993). Moreover, "[a] finding of willful infringement is not a prerequisite to an award of attorney fees under the Copyright Act." *Microsoft Corp. v. Software Wholesale Club, Inc.,* 129 F.Supp.2d 995, 1002 (S.D.Tex.2000). And notwithstanding their "discretionary" nature, they are "routinely awarded." *Hogan Sys., Inc. v. Cybresource Int'l, Inc.,* 158 F.3d 319, 325 (5th Cir.1998); *see also McGaughey v. Twentieth Century Fox Film,* 12 F.3d 62 (5th Cir.1994).

In the present case, the Court has found that Defendants' actions were willfully perpetrated. Therefore, the Court, in its discretion, shall award Microsoft attorney's fees and costs. In fact, Microsoft has provided the Court a detailed transaction statement under seal, evidencing the legal fees and costs it has incurred pertaining to this case. Microsoft proffers it has incurred the amount of $14,422.00 in attorney's fees and costs of $4,271.34.[4] The Court shall award Microsoft with attorney's fees. Hence, in full compliance with *Coutin v. Young & Rubicam Puerto Rico, Inc.,* 124 F.3d 331 (1st Cir.1997), Plaintiff's counsel shall submit two **detailed,** sworn statements within **30 days** from the receipt of this order: the first should indicate **specifically** how much time has been actually incurred in attorney time in this case (a very specific, itemized list that includes the legal rate and hours employed); and the second, by another nonappearing attorney indicating what amount would constitute reasonable attorney fees in this jurisdiction in a case such as the one at hand.

## VI

### COSTS

Lastly, with respect to costs, Plaintiff shall file within 30 days from entering judgment an itemized memorandum, specifically justifying each individual entry of costs requested to be taxed. In any case, all matters related to attorney's fees and costs, shall be addressed by the Court pursuant to FED. R. CIV. PROC. 54.

## VII

### CONCLUSION

Under FED. R. CIV. PROC. 56(c) it is appropriate to enter summary judgment

---

4. *See* Detail Transaction Statement *under seal* attached as **Exhibit A** (Docket No. 27), evidencing the legal fees to the firm Pietrantoni Méndez & Alvarez, LLP, which has represented Microsoft in the instant case; and **Exhibit B** a Detailed Fee Transaction File evidencing the costs incurred. *Id.*

only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." *Celotex,* 477 U.S. at 324–325, 106 S.Ct. 2548. Moreover, a motion for summary judgment—albeit unopposed—can only be granted if the record discloses the movant's entitlement to judgment as a matter of law. *Mullen,* 972 F.2d 446, 451–52.

Therefore, since Microsoft has reasonably established that no genuine issue as to its ownership of valid copyrights over six software programs it has proffered were infringed, and that it was the Defendants who infringed its protected work by copying it without authorization, the Court finds Microsoft is entitled to summary judgment as a matter of law. *See Feist,* 499 U.S. at 361, 111 S.Ct. 1282. This conclusion is buttressed by the fact that—pursuant to FED. R. CIV. PROC. 36(a)—Defendants themselves have admitted to the illegality of the preferred acts. *See* Request for Admissions, included as Exhibit 10 to the Statement of Uncontested Facts. (Docket No. 27). Accordingly, the Court finds Defendants liable to Microsoft in the amount of $180,000 for copyright infringement, under 17 U.S.C. § 101 et seq. Furthermore, attorney's fees and costs shall be granted in accordance with the Court's order.

**WHEREFORE,** Plaintiff's Motion for Summary Judgment is hereby **GRANTED.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

## *JUDGMENT*

Microsoft has reasonably established that no genuine issue as to its ownership of valid copyrights over six software pro-grams it has proffered were infringed, and that it was the Defendants who infringed its protected work by copying it without authorization. Thus, the Court **GRANTS** summary judgment in favor of Microsoft. **The Court therefore finds Defendants liable to Microsoft and judgment is hereby entered in favor of the latter in the amount of $180,000.** Furthermore, the Court shall award Microsoft with attorney's fees. Hence, in full compliance with *Coutin v. Young & Rubicam Puerto Rico, Inc.,* 124 F.3d 331 (1st Cir.1997), Plaintiff's counsel shall submit two **detailed,** sworn statements within **30 days** from the receipt of this order: the first should indicate **specifically** how much time has been actually incurred in attorney time in this case (a very specific, itemized list that includes the legal rate and hours employed); and the second, by another nonappearing attorney indicating what amount would constitute reasonable attorney fees in this jurisdiction in a case such as the one at hand. Lastly, with respect to costs, Plaintiff shall file within 30 days from entering judgment an itemized memorandum, specifically justifying each individual entry of costs requested to be taxed. In any case, all matters related to attorney's fees and costs, shall be addressed by the Court pursuant to FED. R. CIV. PROC. 54.