Xie v. Barr

BIA
Poczter, IJ
A205 897 893

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand nineteen.

PRESENT:
ROSEMARY S. POOLER,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
*Circuit Judges.*

_____

GUOLIANG XIE,
*Petitioner,*

v.                                                    17-1131
                                                      NAC

William P. Barr,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Mary Jane
                         Candaux, Assistant Director;
                         Matthew Connelly, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guoliang Xie, a native and citizen of the People's Republic of China, seeks review of the BIA's June 10, 2016, decision, affirming a February 27, 2015, decision of an Immigration Judge ("IJ") denying Xie's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guoliang Xie,* No. A 205 897 893 (B.I.A. June 10, 2016), *aff'g* No. A 205 897 893 (Immig. Ct. N.Y. City Feb. 27, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because Xie appealed only the IJ's initial decision concerning past persecution to the BIA, our review is limited to that issue. *See Chupina v. Holder*, 570 F.3d 99, 105 (2d Cir. 2009)(explaining that petitioner may petition for review directly from an IJ's decision if challenge is to denial of a form of relief previously appealed to the BIA, i.e., where a claim was previously exhausted). Within that restriction,

2

we have reviewed both the IJ and BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (noting that, where the BIA does not expressly adopt the IJ's decision, the court may consider both opinions "for the sake of completeness.")(internal quotation marks omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably concluded that Xie did not establish past harm rising to the level of persecution stemming from his opposition to China's family planning policies. Xie testified that he was detained overnight by family planning cadres in his work unit and was subsequently demoted to a lower-paying position requiring less desirable duties at his government-owned company. Because the detention was brief and Xie was not harmed, Xie has not established past persecution. *See Joaquin-Porras v. Gonzales*, 435 F.3d 172, 182 (2d Cir. 2006) (upholding determination that applicant was not eligible for withholding of removal based on "brief" detention after which he was released "without harm").

3

Nor is Xie's economic harm sufficient to establish past persecution. Although persecution includes "non-physical forms of harm such as the deliberate imposition of a substantial economic disadvantage," *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted), to constitute persecution, economic harm must be "severe," *Matter of T-Z-*, 24 I&N Dec. 163, 170-73 (BIA 2007); *see also Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). Xie failed to show severe economic harm. Although Xie's pay was reduced, and he asserted that he consequently found it difficult to buy food or pay for his son's tutoring, Xie lived in an apartment that his parents bought for him and he did not need to repay the additional money he borrowed from them. Xie's testimony that he could not obtain other work and lacked time to start his own business was speculative because he did not attempt to apply for any other jobs in the six years after his wife's 2006 abortion. In addition, Xie did not know his wife's salary or whether it was reduced after her abortion, and he was able to hide his demotion and financial situation from his wife for six years. Given these facts, Xie did not establish a

4

deprivation of economic opportunity that rose to the level of persecution. *Cf. Huo Qiang Chen v. Holder*, 773 F.3d 396, 409 (2d Cir. 2014) (remanding where evidence did not support conclusion that applicant could pay fine "without becoming impoverished or deprived of the necessities of life").

Xie argues that his detention, combined with these economic consequences, amounted to persecution. But the economic harm constituted the bulk of Xie's persecution claim. Even considering the brief detention in conjunction with the economic harm, the harm does not meet the legal definition of persecution. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)).

Because only the agency's past persecution determination is before us, Xie's failure to establish past persecution is dispositive of asylum and withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010) (holding that applicant who fails to meet burden for asylum necessarily fails to meet higher burden for withholding of removal).

5

Because Xie did not appeal the IJ's subsequent decision regarding his fear of future harm, he cannot state a CAT claim. *See* 8 C.F.R. § 1208.16(c) (requiring applicant to show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal"); *Paul v. Gonzales*, 444 F.3d 148, 155 (2d Cir. 2006) ("Unlike an asylum claim, the CAT claim . . . requires a showing with respect to future, rather than past, treatment." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6