778 F.Supp.2d 157 (2010)
DISNEY ENTERPRISES, INC., et al., Plaintiffs,
v.
AWAY DISCOUNT, et al., Defendants.
Civil No.: 07-1493 (DRD).
United States District Court, D. Puerto Rico.
September 20, 2010.
*159 Arturo Diaz-Angueira, Marta L. Rivera-Ruiz, Cancio, Nadal, Rivera & Diaz, San Juan, PR, Larry Staton, Jr., Michael W.O. Holihan, Holihan Law, Maitland, FL, for Plaintiffs.
Sonia Del Mar Vega-Vazquez, Rodriguez & Rodriguez, Bayamon, PR, for Defendants.

ORDER REGARDING DAMAGES AND PERMANENT INJUNCTION
DANIEL R. DOMINGUEZ, District Judge.
Upon consideration of Plaintiffs Disney Enterprises, Inc., Sanrio, Inc., Warner Bros. Entertainment Inc., Hanna-Barbara Productions, Inc., DC Comics, Nike, Inc. and Oakley, Inc., Motion for Summary Judgment against Defendant Nader Ibrahim d/b/a Tienda La Unica (hereinafter "Summary Judgment Defendant"), as well as Plaintiffs' Motion for Default Judgment against Defendants Hector J. Rodriguez Ramos d/b/a Away Discount, Ada L. Cabrero Arroyo d/b/a Bordados Ada, Los Angeles Gift Shop, Jesus R. Fortis Ahorrio d/b/a Mundo de Curiosidades, Rolando Rodriguez Oyola d/b/a Oscar Imports, Ana G. Acevedo Burgos d/b/a Tienda AG Little Store, Tienda Fun & Happy, Tienda La Peseta, and Torrecillas Gas Station (hereinafter collectively referred to as "Default Judgment Defendants")(the Summary Judgment Defendant and Default Judgment Defendants will collectively be referred to as "Defendants"), wherein Plaintiffs requested that the Court to award statutory damages against the Defendants under the Copyright Act, 17 U.S.C. § 501 et seq., and Lanham Act, 15 U.S.C. § 1117(c), together with a Permanent Injunction and related relief, and after holding a damages hearing, this Court makes the following findings and rulings of law.

PROCEDURAL HISTORY
Plaintiffs initiated the present action on June 11, 2007. Plaintiffs' Complaint states causes of action against the Defendants for trademark infringement, copyright infringement, and unfair competition under the laws of the United States. At that time the Plaintiffs sought a Temporary Restraining Order, Seizure Order and Show Cause Order for Entry of Preliminary Injunction. These motions were supported by sworn testimony from each of the Plaintiffs that they owned the exclusive rights to the trademarks and copyrighted properties identified on Exhibits A and B, as well assertions that none of the defendants named in the present action were authorized to manufacture, distribute, sell, or offer for sale merchandise bearing their trademarks and copyrighted properties. See Aggregate Exhibit "D" to the Complaint, incorporated herein by reference. Additionally, Plaintiffs provided the sworn testimony of their investigators who had purchased sample pieces of counterfeit *160 merchandise from each of the Defendants, which were attached to their declarations. See Aggregate Exhibit "E" to the Complaint, incorporated herein by reference.
Pursuant to this Court's June 14, 2007 Order, the U.S. Marshal's Service served the Complaint, Temporary Restraining Order and Seizure in this matter on Defendants named in the Complaint on June 16, 2007. On July 24, 2007 the Court entered a Preliminary Injunction against each of the Defendants. The Default Defendants never filed any answer to the Complaint, or otherwise defended this matter. As a result, defaults were entered against the Default Defendants on October 12, 2007, January 10, 2008 and February 14, 2008 (Docket Nos. 87, 95 and 98). On August 20, 2010, 2010 WL 3372704, this Court entered an Order of Summary Judgment against Nader Ibrahim d/b/a Tienda La Unica (Docket No. 202). In that order, the Court also ordered that the hearing regarding Plaintiffs' request for statutory damages be held on August 31, 2010. A hearing on statutory damages was subsequently held on September 1, 2010[1] as to both the Summary Judgment Defendant and Default Judgment Defendants

DEFAULT JUDGMENT
The Clerk of Court has entered default against Default Judgment Defendants Bordados Ada, Mundo de Curiosidades, Oscar Imports, Away Discount, Tienda AG Little Store, Tienda Fun & Happy, Los Angeles Gift Shop, Tienda La Peseta and Torrecillas Gas Station. "The default of a defendant constitutes an admission of all facts well-pleaded in the complaint." Metropolitan Life Ins. Co. v. Colon Rivera, 204 F.Supp.2d 273, 274-75 (D.P.R.2002) (citing Banco Bilbao Vizcaya Argentaria v. Family Rest., Inc. (In re The Home Rest., Inc.), 285 F.3d 111, 114 (1st Cir.2002) ("a party gives up right to contest liability `when it declines to participate in the judicial process'")); see also Thomson v. Wooster, 114 U.S. 104, 110, 5 S.Ct. 788, 29 L.Ed. 105 (1985) (a default constitutes an acceptance by the party constituting a "confession of the action," accepting all well-pleaded facts of the complaint); see also Franco v. Selective Ins. Co., 184 F.3d 4, 9 n. 3 (1st Cir.1999) ("[a] party who defaults is taken to have conceded the truth of the factual allegations in the complaint"); see also Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 693 (1st Cir.1993) ("an entry of default against a defendant establishes the defendant's liability"); see also Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir.1985) ("there is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [] claims must be considered established as a matter of law") cert. denied 475 U.S. 1018, 106 S.Ct. 1204, 89 L.Ed.2d 317 (1986); see also Eisler v. Stritzler, 535 F.2d 148, 153 (1st Cir.1976) ("[t]he default judgment on the well-pleaded allegations in plaintiffs complaint established . . . defendant's liability"); see also Caribbean Prod. Exchg. v. Caribe Hydro-Trailer, Inc., 65 F.R.D. 46, 48 (D.P.R.1974) ("It is the law that once a default is entered, a defendant on default has no former standing to contest the factual allegations of plaintiff's claim for relief. . . Defendant is deemed to have admitted all well pleaded allegations in the complaint. At the most, all that defendant can *161 do is question the extent of the damages suffered by the plaintiff.") Having defaulted, the aforementioned Default Judgment Defendants thus admitted the wellpleaded facts of the complaint and these Defendants could only question the extent of the damages which Plaintiffs suffered. See Goldman, Antonetti, 982 F.2d at 686. Defendants failed to do so at the hearing regarding damages.

STATUTORY DAMAGES
This Court has wide discretion when determining a proper statutory damages award. Plaintiffs have elected to recover statutory damages pursuant to 15 U.S.C. § 1117(c), which authorizes statutory damages of no less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just. If the Court finds that the use of the counterfeit mark was willful, the Court may award up to $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just. Bebe Studio, Inc. v. Zakkos, Civ. 08-1462, 2009 WL 5215374 at *3 (D.P.R. Dec. 28, 2009).
In applying this statute, courts have noted "[t]he 1996 Act limited its textual guidance purposefully . . . specifically provid[ing] for broad judicial discretion in instructing that `as the court considers just,' it can order awards anywhere from [$1,000] to [$200,000], with the maximum increasing to [$2,000,000] for `willful' violations." Sara Lee Corporation v. Bags of New York, Inc., 36 F.Supp.2d 161, 166 (S.D.N.Y.1999). Further, the First Circuit has held that "[s]tatutory damages are not meant to be merely compensatory or restitutionary. The statutory award is also meant to discourage wrongful conduct. That is why the statute permits consideration of . . . additional damages where an infringement is willful." Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir.2004). The Sara Lee court also noted that courts should look to the long history of application of statutory damages under the Copyright Act. Id.; see Polo Ralph Lauren, L.P. v. 3M Trading Co., Inc., Civ. 97-4824, 1999 WL 33740332 at *4-5 (S.D.N.Y. March 23, 1999); see also Louis Vuitton Malletier & Oakley, Inc. v. Veit, 211 F.Supp.2d 567, 583 (E.D.Pa.2002); see also Commercial Law League of America, Inc. v. George, Kennedy & Sullivan, LLC, Civ. 07-0315, 2007 WL 2710479 at *3 (S.D.Tx., 2007) ("courts have found guidance in an analogous statutory damages provision in the Copyright Act, 17 U.S.C. § 504(c)").
Pursuant to 17 U.S.C. § 504, a successful plaintiff in a copyright infringement action is entitled to the defendant's profits or to the plaintiffs damages or, in the alternative, statutory damages. A copyright owner has the sole election to demand statutory damages. Moreover, statutory damages are awarded per copyrighted work infringed in an amount not less than $750 and not greater than $30,000. See 17 U.S.C. § 504(c)(1). Further, if the court finds that the defendant willfully infringed the plaintiffs' copyrights, the court, at its discretion, may raise the statutory award to $150,000 per work infringed. 17 U.S.C. § 405(c)(2).
Under the Copyright Act, a court must calculate statutory damages according to the number of separately copyrightable works infringed and not on the number of infringements as:
Under § 504(c) the total number of "awards" of statutory damages that a plaintiff may recover in any given action against a single defendant depends on the number of works that are infringed and the number of individually liable *162 infringers and is unaffected by the number of infringements of those works.
Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 192-93 (1st Cir.2004) (quoting Mason v. Montgomery Data, Inc., 967 F.2d 135, 143-44 (5th Cir.1992)).
This Court has already determined the issue of liability and conducted a damages hearing in order to determine the specific monetary amount that was to be assessed to each Defendant. Plaintiffs indicated that they were aware of the prior decision in the case of Video Café, Inc. TVKO, Inc. v. Fulano de Tal d/b/a Negocio I, 961 F.Supp. 23, 42 U.S.P.Q.2d (BNA) 1633 (D.P.R.1997), which held that differences between the actions of various defendants may place them at varying levels of culpability for purposes of imposing statutory damages. With this in mind, Plaintiffs divided Defendants into two groups. The first group of Defendants includes those selling or trafficking in the largest quantities of counterfeit merchandise, manufacturing counterfeit merchandise, or those who are recidivists who have been repeatedly identified in these types of actions as trafficking in counterfeit goods. This group of Defendants has been classified as Wholesalers. The remaining Defendants were classified as Retailers, which was determined by the size of the operation as well as the amount of counterfeit merchandise seized. The evidence supporting these conclusions was included in the seizure inventory forms for each Defendant, the declarations of Plaintiffs' investigators attached as Exhibit "D" to the Complaint, and/or Plaintiffs' counsel's declaration which lists prior actions in which the recidivist defendants have been previously identified as selling counterfeit merchandise. See Complaint, Exhibit "F".
The Court heard testimony from the Plaintiffs' investigator, Jose Morrero (hereinafter referred to as "Investigator Morrero"), through which the Plaintiffs presented seizure inventories as well as photographic evidence of seized merchandise. See attached Plaintiffs' Exhibit List referred to as Exhibit 1 to this Order. The testimony of Investigator Morrero included the types of merchandise seized at each Defendant's location, a detailed description of the location, Investigator Morrero's past experience with each Defendant in reference to their classification as a Wholesaler or a Retailer and, finally, the specific copyrights and trademarks that were infringed by each of the Defendants. An Index of Plaintiffs' copyrighted properties and trademarks is attached to the Permanent Injunction as Exhibit 2. After an evaluation of each individual Defendant's liability, and after hearing the testimony of Mr. Morrero and argument of counsel, the following statutory damages are hereby awarded:
IT IS ORDERED that judgment shall be entered against these Defendants and in favor of the Plaintiffs as specified below:

 1. Nader Ibrahim d/b/a Tienda la UnicaWHOLESALER
 To Disney Enterprises, Inc.
 For violation of its "Winnie the Pooh" copyright, pursuant to 17 U.S.C.
 § 504 $ 10,000.00
 For violation of its "Winnie the Pooh" trademark, pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 To Sanrio, Inc.

*163
 For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 $ 10,000.00
 For violation of its "Hello Kitty" trademark, pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 To Warner Bros. Entertainment Inc.
 For violation of its "Tweety" trademark, pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 75,000.00
 To DC Comics
 For violation of its "Superman" trademark, pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 To Nike, Inc.
 For violation of its "Nike" trademark, pursuant to 15 U.S.C. § 1117(c)(1)
and (2) $ 75,000.00
 To Oakley, Inc.
 For violation of its stylized "O" trademark, pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 Total Judgment entered against Nader Ibrahim d/b/a Tienda la Unica $470,000.00
 2. Ada L. Cabrero Arroyo d/b/a Bordados
 AdaWHOLESALER
 To Disney Enterprises, Inc.
 For violation of its "Winnie the Pooh" copyright, pursuant to 17 U.S.C.
 § 504 $ 10,000.00
 For violation of its "Tigger" copyright, pursuant to 17 U.S.C. § 504 $ 10,000.00
 For violation of its "Winnie the Pooh" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 For violation of its "Tigger" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 75,000.00
 For violation of its "Roo" trademark pursuant to 15 U.S.C. § 1117(c)(1) and
 (2) $ 75,000.00
 For violation of its "Piglet" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 75,000.00
 Total Judgment entered against Ada L. Cabrero Arroyo d/b/a Bordados
 Ada $320,000.00
 3. Jesus R. Fortis Ahorrio d/b/a Mundo
 de CuriosidadesWHOLESALER
 To Disney Enterprises, Inc.

*164
 For violation of its "Finding Nemo" copyright, pursuant to 17 U.S.C. § 504 $ 10,000.00
 For violation of its "Mickey Mouse" copyright, pursuant to 17 U.S.C. § 504 $ 10,000.00
 For violation of its "Minnie Mouse" copyright, pursuant to 17 U.S.C. § 504 $ 10,000.00
 For violation of its "Disney Princess" copyright, pursuant to 17 U.S.C.
 § 504 $ 10,000.00
 For violation of its "Winnie the Pooh" copyright, pursuant to 17 U.S.C.
 § 504 $ 10,000.00
 For violation of its "Tinkerbell" copyright, pursuant to 17 U.S.C. § 504 $ 10,000.00
 For violation of its "Finding Nemo" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 For violation of its "Mickey Mouse" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 For violation of its "Minnie Mouse" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 For violation of its "Disney Princess" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 For violation of its "Winnie the Pooh" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 For violation of its "Tinkerbell" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 To Sanrio, Inc.
 For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 $ 10,000.00
 For violation of its "Hello Kitty" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 To Warner Bros. Entertainment Inc.
 For violation of its "Tweety" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 75,000.00
 To Hanna-Barbera Productions, Inc.
 For violation of its "Scooby-Doo" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 To DC Comics
 For violation of its "Superman" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 For violation of its "S logo" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 75,000.00

*165
 Total Judgment entered against Jesus R. Fortis Ahorrio d/b/a Mundo de
 Curiosidades $895,000.00
 4. Rolando Rodriguez Oyola d/b/a Oscar
 ImportsWHOLESALER
 To Warner Bros. Entertainment Inc.
 For violation of its "Tweety" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 75,000.00
 To Nike, Inc.
 For violation of its "Nike" trademark pursuant to 15 U.S.C. § 1117(c)(1) and
 (2) $ 75,000.00
 For violation of its "Swoosh" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 75,000.00
 To Oakley, Inc.
 For violation of its "Oakley" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 75,000.00
 For violation of its stylized "O" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 To Sanrio, Inc.
 For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 $ 10,000.00
 For violation of its "Hello Kitty" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 75,000.00
 Total Judgment entered against Rolando Rodriguez Oyola d/b/a Oscar
 Imports $460,000.00
 5. Hector J. Rodriguez Ramos d/b/a
 Away DiscountRETAILER
 To Disney Enterprises, Inc.
 For violation of its "Mickey Mouse" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Minnie Mouse" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Winnie the Pooh" copyright, pursuant to 17 U.S.C.
 § 504 $ 5,000.00
 For violation of its "Disney Princess" copyright, pursuant to 17 U.S.C.
 § 504 $ 5,000.00
 For violation of its "Cars" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Tinkerbell" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Pluto" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00

*166
 For violation of its "Cars" trademark Pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 10,000.00
 For violation of its "Disney Princess" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 For violation of its "Mickey Mouse" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 For violation of its "Minnie Mouse" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 For violation of its "Tinkerbell" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 For violation of its "Pluto" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 10,000.00
 For violation of its "Winnie the Pooh" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 To Sanrio, Inc.
 For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Hello Kitty" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 To Warner Bros. Entertainment Inc.
 For violation of its "Tweety" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 10,000.00
 To DC Comics
 For violation of its "Batman" trademark Pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 10,000.00
 Total Judgment entered against Hector J. Rodriguez Ramos d/b/a Away
 Discount $140,000.00
 6. Ana G. Acevedo Burgos d/b/a Tienda
 AG Little StoreRETAILER
 To Disney Enterprises, Inc.
 For violation of its "Cars" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Tinkerbell" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Disney Princess" copyright, pursuant to 17 U.S.C.
 § 504 $ 5,000.00
 For violation of its "Snow White" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Winnie the Pooh" copyright, pursuant to 17 U.S.C.
 § 504 $ 5,000.00

*167
 For violation of its "Tigger" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Finding Nemo" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Cars" trademark pursuant to 15 U.S.C. § 1117(c)(1) and
 (2) $ 10,000.00
 For violation of its "Tinkerbell" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 For violation of its "Disney Princess" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 For violation of its "Snow White" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 For violation of its "Winnie the Pooh" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 For violation of its "Tigger" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 10,000.00
 For violation of its "Finding Nemo" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 To Warner Bros. Entertainment Inc.
 For violation of its "Tweety" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 10,000.00
 To Sanrio, Inc.
 For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Hello Kitty" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 Total Judgment entered against Ana G. Acevedo Burgos d/b/a Tienda
 AG Little Store $130,000.00
 7. Tienda Fun & HappyRETAILER
 To Disney Enterprises, Inc.
 For violation of its "Winnie the Pooh" copyright, pursuant to 17 U.S.C.
 § 504 $ 5,000.00
 For violation of its "Tigger" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Tinkerbell" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Disney Princess" copyright, pursuant to 17 U.S.C.
 § 504 $ 5,000.00
 For violation of its "Cars" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00

*168
 For violation of its "Winnie the Pooh" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 For violation of its "Tigger" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 10,000.00
 For violation of its "Eeyore" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 10,000.00
 For violation of its "Piglet" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 10,000.00
 For violation of its "Tinkerbell" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 For violation of its "Disney Princess" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 For violation of its "Cars" trademark pursuant to 15 U.S.C. § 1117(c)(1) and
 (2) $ 10,000.00
 To Sanrio, Inc.
 For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Hello Kitty" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 Total Judgment entered against Tienda Fun & Happy $110,000.00
 8. Los Angeles Gift ShopRETAILER
 To Disney Enterprises, Inc.
 For violation of its "Snow White" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Cars" Copyright pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Snow White" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 For violation of its "Cars" trademark pursuant to 15 U.S.C. § 1117(c)(1) and
 (2) $ 10,000.00
 To Sanrio, Inc.
 For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504
 $5,000.00
 For violation of its "Hello Kitty" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 To Warner Bros. Entertainment Inc.
 For violation of its "Tweety" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 10,000.00
 To DC Comics

*169
 For violation of its "Batman" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 10,000.00
 To Nike, Inc.
 For violation of its "Nike" trademark pursuant to 15 U.S.C. § 1117(c)(1) and
 (2) $ 10,000.00
 For violation of its "Swoosh" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $10,000.00
 Total Judgment entered against Los Angeles Gift Shop $ 85,000.00
 9> Tienda La PesetaRETAILER
 To Sanrio, Inc.
 For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Hello Kitty" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 To Nike, Inc.
 For violation of its "Nike" trademark pursuant to 15 U.S.C. § 1117(c)(1) and
 (2) $ 10,000.00
 For violation of its ."Swoosh" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 10,000.00
 Total Judgment entered against Tienda La Peseta $ 35,000.00
 10. Torrecillas Gas Station&RETAILER
 To Disney Enterprises, Inc.
 For violation of its "Mickey Mouse" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Minnie Mouse" copyright, pursuant to 17 U.S.C. § 504 $ 5,000.00
 For violation of its "Mickey Mouse" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 For violation of its "Minnie Mouse" trademark pursuant to 15 U.S.C.
 § 1117(c)(1) and (2) $ 10,000.00
 To Nike, Inc.
 For violation of its "Nike" trademark pursuant to 15 U.S.C. § 1117(c)(1) and
 (2) $ 10,000.00
 For violation of its "Swoosh" trademark pursuant to 15 U.S.C. § 1117(c)(1)
 and (2) $ 10,000.00
 Total Judgment entered against Torrecillas Gas Station $ 50,000.00

*170 IT IS FURTHER ORDERED that:
A Permanent Injunction is entered against Defendants Nader Ibrahim d/b/a Tienda la Unica, Hector J. Rodriguez Ramos d/b/a Away Discount, Ada L. Cabrero Arroyo d/b/a Bordados Ada, Los Angeles Gift Shop, Jesus R. Fortis Ahorrio d/b/a Mundo de Curiosidades, Rolando Rodriguez Oyola d/b/a Oscar Imports, Ana G. Acevedo Burgos d/b/a Tienda AG Little Store, Tienda Fun & Happy, Tienda La Peseta, and Torrecillas Gas Station, pursuant to Fed. R.Civ.P. 65, forever enjoining these Defendants, their officers, agents, servants, employees, and attorneys and upon those persons in active concert or participation with them:
a. From manufacturing, procuring, distributing shipping, retailing, selling, advertising or trafficking, in any merchandise, including apparel, sunglasses, bags, jewelry, toys and/or related merchandise, not authorized by Plaintiffs, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of Plaintiffs' Trademarks, or bearing a design or image which is of a substantially similar appearance to Plaintiffs' copyrights listed on Exhibit "A" to the Complaint and attached here as Exhibit "2";
b. From passing off, inducing, or enabling others to sell or pass off as authentic products produced by Plaintiffs or otherwise authorized by Plaintiffs, or any product not manufactured by Plaintiffs or produced under the control or supervision of Plaintiffs and approved by Plaintiffs, which utilized any of Plaintiffs' trademarks or copyrights listed on Exhibit "A" to the Complaint and attached here as Exhibit "2";
c. From committing any act calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Plaintiffs, or are sponsored, approved, or guaranteed by Plaintiffs, or are connected with and produced under the control or supervision of Plaintiffs;
d. From further diluting and infringing Plaintiffs trademarks and copyrights and damaging their goodwill;
e. From causing, aiding, and/or abetting any other person from doing
IT IS FURTHER ORDERED that all counterfeit merchandise seized from the above noted Defendants pursuant to this Court's June 14, 2007 Order, and currently in Plaintiffs' control may be destroyed or otherwise disposed of as Plaintiffs deem appropriate no sooner than 120 days from entry of this Order and no later than 150 days from entry of this Order.
IT IS FURTHER ORDERED that the bond filed by Plaintiffs in the amount of $75,000,000 as required by the Court's June 14, 2007 Order is hereby fully discharged.
IT IS FURTHER ORDERED
That this Court shall retain jurisdiction of this action for the purposes of enforcing the provisions of the Permanent Injunction and Order by way of contempt or otherwise.
Judgment shall be entered accordingly as to each Defendant.
IT IS SO ORDERED.
 EXHIBIT "1"
UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF
 PUERTO RICO
DISNEY ENTERPRISES, INC. ET AL
*171
V. PLAINTIFFS' EXHIBIT LIST
AWAY DISCOUNT, ET AL CV. 07-1493(DRD)

|--------------------------------------|-------------------------------|------------------------|
| PRESIDING JUDGE | PLANTIFFS' ATTORNEYS | DEFENDANTS' ATTORNEYS |
| Bruce J. McGiverin, | Michael Holihan | |
| U.S. Magistrate Judge. | Marta Rivera-Ruiz | (None) |
| | Hailey Peterson | |
|--------------------------------------|-------------------------------|------------------------|
| (TYPE OF HEARING) | COURT REPORTER | COURTROOM DEPUTY |
| Hearing in Default to Assess | | |
| Damages held on 8/31/2010 | Yvette Richardson | Jyoti Mehta-Lopez |
|------|---------|----------|----------|--------------------------------------------------------|
| FLTF | DATE | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS |
| No. | CFFERED | ID | EXH. | |
|----------------|----------|----------|--------------------------------------------------------|
| 1 | 8/31/10 | EXH | 8/31/10 | Seizure inventory - Tienda La Ùnica |
|------|---------|----------|----------|--------------------------------------------------------|
| 2 | 8/31/10 | EXH | 8/31/10 | Photos of items seized - Tienda La Ùnica |
|------|---------|----------|----------|--------------------------------------------------------|
| 3 | 8/31/10 | EXH | 8/31/10 | Photos of itmes Bordados Ada |
|------|---------|----------|----------|--------------------------------------------------------|
| 4 | 8/31/10 | EXH | 8/31/10 | Seizure inventory - Mundo de Curísoídades|
|------|---------|----------|----------|--------------------------------------------------------|
| 5 | 8/31/10 | EXH | 8/31/10 | Photos of items seized - Mundo de Curiosidades |
|------|---------|----------|----------|--------------------------------------------------------|
| 6 | 8/31/10 | EXH | 8/31/10 | Seizure inventory - Oscar Import |
|------|---------|----------|----------|--------------------------------------------------------|
| 7 | 8/31/10 | EXH | 8/31/10 | Seizure invenstory - Away Discount |
|------|---------|----------|----------|--------------------------------------------------------|
| 8 | 8/31/10 | EXH | 8/31/10 | Seizure invenstory - Little Store |
|------|---------|----------|----------|--------------------------------------------------------|
| 9 | 8/31/10 | EXH | 8/31/10 | Seizure inventory - Tienda Fun and Happy |
|------|---------|----------|----------|--------------------------------------------------------|
| 10 | 8/31/10 | EXH | 8/31/10 | Seizure inventory - Los Angeles Gift Shop |
|------|---------|----------|----------|--------------------------------------------------------|
| 11 | 8/31/10 | EXH | 8/31/10 | Seizure inventory - Tienda La Peseta |
|------|---------|----------|----------|--------------------------------------------------------|
| 12 | 8/31/10 | EXH | 8/31/10 | Seizure inventory - Torrecillas Gas Station |
------------------------------------------------------------------------------------------------|

* Exhibits are at the Clerk's Office.
* Include a notation as to the location of any exhibit not held with the case file or not available because of size.
 COPYRIGHT REGISTRATIONS
Plaintiff: SANRIO COMPANY, LTD.

 TITLE COPYRIGHT NO. REGISTRATION DATE
 Bad Badtz Maru Graphic
 Artwork VA 811 440 February 4, 1997
 Hello Kitty Graphic Artwork VA 130 420 December 2, 1982
 KeroKeroKeroppi Sticker
 Book VA 636 579 May 25, 1994
 Little Twin Stars Stickers VA 246 421 December 15, 1986

*172
 Monkichi Graphic Artwork VA 840 495 February 4, 1997
 My Melody Graphic Artwork VA 130 419 December 2, 1982
 Patty & Jimmy Graphic Artwork VA 130 421 December 2, 1982
 Pekkle Graphic Artwork VA 636 582 May 25, 1994
 Picke Bicke Graphic Artwork VA 840 496 February 4, 1972
 Pochacco Sticker Book VA 636 580 May 25, 1994
 Tuxedo Sam Stickers VA 148 625 February 21, 1984
 Winkipinki Graphic Artwork VA 840 494 February 4, 1997
 Zashikibuta Stickers VA 636 581 May 25, 1994
 Plaintiff: THE WALT DISNEY COMPANY
 TITLE COPYRIGHT NO. REGISTRATION DATE
 "Steamboat Willie" MP 2124 November 21, 1928
 "Steamboat Willie" R 162021 December 22, 1955
 Mickey Mouse GP 80188 February 17, 1972
 Mickey Mouse VA 58-937 September 15, 1998
 Minnie Mouse as a character MP 2124 November 21, 1928
 in "Steamboat Willie"
 Minnie Mouse GP 80191 February 17, 1972
 Minnie Mouse VA 58-938 September 15, 1980
 Donald Duck as a character MI 4802 May 31, 1934
 in "The Wise Little Hen
 Wait Disney's Silly Symphony"
 Donald Duck as a character R 277811 June 19, 1961
 in "The Wise Little Hen
 Walt Disney's Silly Symphony"
 Donald Duck GP 80184 August 8, 1972
 Donald and Daisy VA 58-935 September 15, 1980
 Goofy as a character in "Mic- MI-3342 May 30, 1932
 key's Review"
 Goofy R 237770 June 8, 1959
 Goofy GP 80187 February 17, 1972
 Goofy VA 58-936 September 15, 1980

*173
 "Aladdin" PA 583-905 June 15, 1909
 "Beauty and the Beast" PA 542 647 November 20, 1991
 Daisy Duck in "Don Donald"
 Daisy Duck GP 81520 November 8, 1972
 Daisy Duck VA 58-933 September 15, 1980
 "The Lion King" PA 659-979 June 20, 1994
 "The Little Mermaid" PA 431-543 November 17, 1989
 Pluto as a character in "The M1906 September 8, 1930
 Chain Gang"
 Pluto "The Chain Gang" R 204524 December 16, 1957
 Pluto GP 80192 February 17, 1972
 Pocahontas Style Guide VA 690-928 January 12, 1995
 "Snow White and the Seven LP 7689
 Dwarfs"
 "Who Framed Roger Rabbit" VA 272 999 August 10, 1987
 Licensing Kit
 "Hercules" PA 670-961 July 15, 1997
 "The Hunchback of Notre PA 795-221 July 11, 1996
 Dame"
 "101 Dalmatians" PA 789-990 December 11, 1996
 "One Hundred and One Dal- RE 370-901 January 21, 1998
 matians"
 "One Hundred and One Dal- LP 18715 November 18, 1960
 matians"
 "Winnie The Pooh" Licensing VA 242 333 October 31, 1996
 Kit
 "Winnie The Pooh" GP 81528 October 31 1992
 "Toy Story" PA 765-713 December 20, 1995
 "Toy Story" Style Guide VA 735-197 August 28, 1995
 "A Bug's Life" PA 901-890 December 30, 1998
 "A Bug's Life" Style Guide VA 875-986 March 12, 1998
 "Mulan" PA 799-025 July, 7, 1998
 "Mulan" Style Guide VA 849-510 September 29, 1997

*174
 "Tarzan" PA 939-561 July 30, 1999
 "Tarzan" Style Guide VA 949-479 November 5, 1998
 "Monsters, Inc." VA 999-982 December 15, 2000
 "The Emperor's New VA 999-573 June 19, 2000
 Groove"
 "Lilo and Stitch" VA1-094-896 August 2, 2001
 Tinker BellStyle Guide VA X-XXX-XXX October 17, 2001
 The Disney Princess Brand- X X-XXX-XXX April 23, 2002
 ing Guide 2002-2004
 Finding NemoSpring 2003 VA X-XXX-XXX September 11, 2002
 Style Guide
 CarsStyle Guide VA X-XXX-XXX March 2, 2005
 Plaintiff: HANNA-BARBERA
 TITLE COPYRIGHT NO. REGISTRATION DATE
 Scooby and Scrappy Doo Col- VAU 56-801 December 27, 1983
 lection and model artwork
 The Scooby Doo Show Collec- VAU 54-303 December 12, 1983
 tion
 "Scooby's All-Stars PA 320 830 September 22, 1986
 TRADEMARK REGISTRATIONS
 Plaintiff: SANRIO COMPANY, LTD.
 REGISTRATION DATE OF
 MARK NUMBER ISSUANCE CLASS
 Hello Kitty (rep.) 1,200,083 July 6, 1982 16
 Hello Kitty (rep.) 1,200,083 July 6, 1982 18
 Hello Kitty (rep.) 1,277,721 May 15, 1984 16
 Hello Kitty (rep.) 1,277,721 May 15, 1984 18
 Hello Kitty (words) 1,215,436 November 9, 1982 16
 Hello Kitty (words) 1,215,436 November 9, 1982 18
 Hello Kitty (words) 1,279,486 May 29, 1984 16
 Hello Kitty (words) 1,279,486 May 29, 1984 18
 Plaintiff: DISNEY ENTERPRISES, INC.
 REGISTRATION DATE OF
 MARK NUMBER ISSUANCE CLASS
 "Mickey's Kitchen" and Design 1,674,655 February 4, 1992 42
 "Mickey Mouse" 313,765 August 23, 1994 38
 "Mickey Mouse" 1,857,626 October 11, 1997 14
 "Mouse Ears Design" 1,524,601 February 14, 1989 25
 "Donald Duck" 1,161,868 July 21, 1981 16
 Mickey Mouse 2,704,887 April 8, 2003 9, 16, 18,
 20, 21
 24, 25,
 28

*175
 Minnie Mouse 2,700,619 March 25, 2003 9, 16, 18,
 20, 21,
 24, 25,
 28, 30
 Pluto 2,707,323 April 15, 2003 9, 16, 18,
 21, 24,
 25, 28,
 30
 "Disney" 3,088,198 May 2, 2006 25
 "Walt Disney World" 3,066,604 March 7, 2006 20
 "Walt Disney World" 1,189,727 February 16, 1982 6, 9, 11,
 16, 18,
 20, 21,
 41, 42
 Mickey Mouse 2,781,641 November 11, 2003 25
 Donald Duck 2,700,620 March 25, 2003 9, 16, 18,
 20, 21,
 24, 25,
 28, 30
 Daisy Duck 2,704,890 April 8, 2003 9, 16, 18,
 20, 21,
 24, 25,
 28, 30
 Goofy 2,721,608 June 3, 2003 9, 16, 18,
 20, 21,
 24, 25,
 28, 30
 Lady and the Tramp 2,897,511 October 26, 2004 3, 9, 14,
 16, 18,
 21, 24,
 25, 28,
 30
 Cinderella 3,057,988 February 7, 20069, 14, 16,
 18, 21,
 24, 25,
 28, 30
 Walt Disney's Alice In Wonderland 2,895,968 August 9, 2005 3, 9, 14,
 16, 18,
 21, 24,
 25, 28,
 30
 Snow White 2,891,463 May 17, 2005 3, 9, 14,
 16, 18,
 21, 24,
 25, 28,
 Finding Nemo 2,913,697 December 21, 2004 14
 Cars 3,166,826 October 31, 2006Z 21
 Cars 3,166,829 October 31, 2006 25
 Cars 3,178,664 November 28, 2006 28
 "Disney's Beauty and the Beast" 2,870,954 August 10, 2004 25
 Plaintiff: TIME WARNER ENTERTAINMENT COMPANY, LP.
 REGISTRATION DATE OF
 MARK NUMBER ISSUANCE CLASS
 Looney Tunes Characters with WB 1,513,686 November 22, 1998 25
 Looney Tunes Characters with WB 1,081,450 January 10, 1978 3, 25,
 Tweety 1,306,114 November 20, 1984 25
 "Tweety" 1,302,779 October 30, 1984 25
 "Tweety" 1,869,692 December 27, 1994 25

*176
 Tweety 1,872,569 January 10, 1995 25
 "Bugs Bunny" 1,872,919 January 17, 1995 25
 "Bugs Bunny" 1,872,565 January 10, 1995 25
 "Taz" 2,310,049 January 20, 1998 25
 Sylvester 1,873,921 January 17, 1995 25
 "Sylvester" 1,872,567 January 10, 1995 25
 Road Runner 1,872,562 January 10, 1995 25
 Road Runner and "Road Runner" 2,157,957 May 19, 1998 25
 Marvin the Martian 1,872,564 January 10, 1995 25
 "Marvin the Martian" 1,872,563 January 10, 1995 25
 Daffy Duck 1,879,823 February 21, 1995 25
 "Daffy Duck" 1,873,922 January 17, 1995 25
 Wile E. Coyote 1,868,427 December 20, 1994 25
 "Wile E. Coyote" 1,872,581 January 10, 1995 25
 Yosemite Sam 1,872,566 January 10, 1995 25
 "Yosemite Sam" 1,872,568 January 10, 1995 25
 "Taz" 1,879,822 February 21, 1995 25
 "Porky Pig" 1,879,821 February 21, 1995 25
 Elmer Fudd 1,873,920 January 17, 1995 25
 "Elmer Fudd" 2,017,978 November 19, 1996 25
 Pepe Le Pew 1,871,386 January 3, 1995 25
 "Pepe Le Pew" 1,869,694 December 27, 1994 25
 Foghorn Leghorn 1,873,923 January 17, 1995 25
 "Foghorn Leghorn" 2,055,569 April 22, 1997 25
 "Speedy Gonzales" 2,057,614 April 29, 1997 25
 Plaintiff: HANNA-BARBERA PRODUCTIONS, INC.
 REGISTRATION DATE OF
 MARK NUMBER ISSUANCE CLASS
 SCOOBY-D00 2,574,602 May 29, 2002 3
 SCOOBY-D00 2,618,231 September 11, 2002 5
 SCOOBY-D00 2,596,084 July 2002 9
 SCOOBY-D00 2,580,408 June 12, 2002 14
 SCOOBY-D00 2,616,033 September 4, 2002 16
 SCOOBY-D00 2,615,404 September 4, 2002 25
 SCOOBY-D00 2,574,601 May 29, 2002 28
 SCOOBY-D00 1,579,527 January 24, 1994 41
 SCOOBY SNACKS 2,599,694 July 24, 2002 30
 SCOOBY SNACKS 2,652,776 November 20, 2002 31
 Plaintiff: DC COMICS
 REGISTRATION DATE OF
 MARK NUMBER ISSUANCE CLASS
 BAT EMBLEM 2,119,266 December 10, 2001 16
 BAT EMBLEM 1,581,593 February 7, 1994 21
 BAT EMBLEM 1,581,659 February 7, 1994 25
 BAT EMBLEM 1,581,725 February 7, 1994 28
 BAT REP. 1,219,120 December 8, 1986 16
 BAT REP. IN QUESTION MARK 2,178,744 August 5, 2002 25
 BATLINK 2,483,295 August 29, 2005 28
 BATMAN 828,412 May 10, 1991 2
 BATMAN 1,587,507 March 21, 1994 9
 BATMAN 839,561 November 29, 1991 16
 BATMAN 1,221,720 December 29, 1986 16
 BATMAN 856,045, September 4, 1992 25
 BATMAN 858,860 October 23, 1972 28
 BATMAN 1,622,749 November 14, 1994 30
 BATMAN 1,652,640 July 31, 1995 41
 BATMAN 2,457,655 June 6, 2005 41

*177
 BATMAN 2,114,598 November 19, 2001 42
 BATMAN 836,046 September 27, 1971 46
 BATMAN & ROBIN 2,171,937 July 8, 2002 9
 BATMAN & ROBIN 2,404,483 November 15, 2004 16
 BATMAN & ROBIN 2,251,837 June 9, 2003 25
 BATMAN & ROBIN 2,245,040 May 12, 2003 28
 BATMAN AND THE OUTSIDERS 1,292,260 August 29, 1988 16
 BATMAN BEYOND 2,491,335 September 19, 2005 16
 BATMAN BEYOND 2,649,865 November 13, 2006 28
 BATMAN BEYOND 2,643,418 October 30, 2006 41
 BATMAN ON BAT REP 804,709 March 2, 1990 16
 BATMAN ON BAT REP 382,770 November 13, 1944 16
 BATMAN REP. WITH ROPE 1,262,504 December 28, 1987 28
 BATMAN'S CAPE DESIGN 1,201,014 July 14, 1986 16
 BATMOBILE 1,124,961 September 12, 1983 28
 BATMOBILE 1,179,342 November 25, 1985 28
 THE BATMAN & HEAD REP. 378,913 June 25, 1944 16
 S Logo 1,175,906 November 4, 1985 9
 S Logo 2,226,415 February 24, 2003 9
 S Logo 1,197,814 June 16, 1986 14
 S Logo 1,173,150 October 14, 1985 16
 S Logo 1,182,041 December 16, 1985 16
 S Logo 1,199,552 June 30, 1986 18
 S Logo 1,182,172 December 16, 1985 21
 S Logo 1,189,376 February 10, 1986 24
 S Logo 1,199,630 June 30, 1986 25
 S Logo 1,184,881 January 6, 1986 25
 S Logo 1,199,690 June 30, 1986 28
 S Logo 2,211,378 December 16, 2002 28
 S Logo 1,262,572 December 28, 1987 29
 S Logo 1,179,537 November 25, 1985 41
 S Logo 1,140,418 October 15, 198425, 26
 SUPERMAN 1,175,907 November 4, 1985 9
 SUPERMAN 1,180,068 December 2, 1985 14
 SUPERMAN 1,209,668 September 22, 1986 16
 SUPERMAN 1,221,718 December 29, 1986 16
 SUPERMAN 1,182,947 December 23, 1985 18
 SUPERMAN 1,184,822 January 6, 1986 21
 SUPERMAN 1,186,803 January 20, 1986 21
 SUPERMAN 1,183,841 December 30, 1985 24
 SUPERMAN 1,189,393 February 10, 1986 25
 SUPERMAN 1,070,290 July 27, 2001 28
 SUPERMAN 1,278,177 May 16, 1988 29
 SUPERMAN 1,216,976 November 17, 1986 35
 SUPERMAN 648,647 July 17, 2001 39
 SUPERMAN 1,181,538 December 9, 1985 41
 SUPERMAN 2,419,510 January 10, 2005 41
 SUPERMAN 2,204,195 November 18, 2002 42
 SUPERMAN 1,248,822 August 24, 1987 8, 28
 SUPERMAN in Telescopic 1,185,526 January 13, 1986 9
 SUPERMAN in Telescopic 1,200,394 July 7, 1986 16
 SUPERMAN IN TELESCOPIC 371,803 October 11, 1943 16
 SUPERMAN IN TELESCOPIC 2,226,026 February 24, 2003 16
 SUPERMAN in Telescopic 1,220,896 December 22, 1986 18
 SUPERMAN in Telescopic 1,183,809 December 30, 1985 21
 SUPERMAN in Telescopic 1,189,355 February 10, 1986 21
 SUPERMAN in Telescopic 1,185,853 January 13, 1986 24
 SUPERMAN in Telescopic 1,182,226 December 16, 1985 25
 SUPERMAN in Telescopic 1,209,863 September 22, 1986 28

*178
 SUPERMAN IN TELESCOPIC 1,278,175 May 16, 1988 29
 SUPERMAN IN TELESCOPIC 1,218,552 December 1, 1986 35
 SUPERMAN IN TELESCOPIC 1,181,537 December 9, 1985 41
 SUPERMAN IN TELESCOPIC & 1,108,577 December 13, 1982 16
 COLOR
 SUPERMAN in Telescopic & SUPER- 391,821 November 26, 1945 16
 MAN w/ Chains Rep
 SUPERMAN Rep 1,200,080 July 7, 1986 3
 SUPERMAN Rep 1,200,233 July 7, 1986 9
 SUPERMAN Rep 1,200,387 July 7, 1986 14
 SUPERMAN Rep 1,178,048 November 18, 1985 16
 SUPERMAN Rep 1,209,743 September 22, 1986 21
 SUPERMAN Rep 1,201,149 July 14, 1986 21
 SUPERMAN Rep 1,201,167 July 14, 1986 24
 SUPERMAN Rep 1,180,292 December 2, 1985 25
 SUPERMAN Rep 1,229,321 March 9, 1987 28
 SUPERMAN Rep 1,235,769 April 27, 1987 28
 SUPERMAN REP 1,254,658 October 19, 1987 29
 SUPERMAN SUPERHOMBRE & 411,871 February 7, 1949 16
 REP
 SUPERMAN w/ Chains Rep 1,202,033 July 21, 1986 18
 Plaintiff: NIKE, INC.
 REGISTRATION DATE OF
 MARK NUMBER ISSUANCE CLASS
 Nike 1,277,066 May 8, 1984 25
 "Swoosh Design" 1,284,385 July 3, 1984 25
 "Nike and Swoosh" Design 1,237,469 May 10, 1983 25
 Nike Air 1,571,066 December 12, 1989 25
 "Air Jordan" 1,370,283 November 12, 1985 25
 "Air Jordan" Design 1,742,019 December 22, 1992 18, 25
 "Air Jordan" Design 1,588,100 September 26, 1989 25
 "Just Do it" 1,875,307 January 24, 1995 25
 "Nike" 2,196,735 October 13, 1998 14
 "Nike and Swoosh" Design 2,209,815 December 8, 1998 14
 "Swoosh Design" 2,490,994 September 18, 2001 14
 "Just Do It" 1,817,919 January 25, 1994 16
 Plaintiff: OAKLEY, INC.
 REGISTRATION DATE OF
 MARK NUMBER ISSUANCE CLASS
 Oakley 1,521,599 January 24, 1989 9
 "Oakley" stylized 1,519,596 January 10, 1989 9
 "O" stylized 1,904,181 July 11, 1995 9
 "O and Oakley" stylized 1,902,660 July 4, 1995 16
 "Oakley" 1,522,692 January 31, 1989 25
 "Oakley" stylized 1,356,297 August 27, 1985 9, 12, 25
 "O and Oakley" stylized 1,990,262 July 30, 1996 9, 25
 "Oakley" stylized 1,980,039 June 11, 1996 9, 25
 "O" stylized 2,209,416 December 8, 1998 9, 25
 "O" stylized 1,984,501 July 2, 1996 9, 25
 "O" stylized 1,519,823 January 10, 1989 18
 "O" stylized 2,207,455 December 1, 1998 18

NOTES
[1] The arrival of Hurricane Earl required the rescheduling of the hearing until September 1, 2010.